IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RAYMOND A. PROFIT,

    Plaintiff,

v.                                      CASE NO. 1:20-cv-246-AW-GRJ

MICHELLE HART, et al.,

    Defendants.

_____/

### **REPORT AND RECOMMENDATION**[1]

Pending before the Court is Plaintiff's Motion to Certify Class. ECF No. 5. Plaintiff, a pretrial detainee at the Alachua County Jail, is proceeding *pro se* and *in forma pauperis* in this civil rights action. He raises claims against Defendants under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, concerning the provision of his religious diet. ECF No. 1 at 5–9, 27. Defendants have not yet been served with the Complaint, which Plaintiff filed only two weeks ago, on October 13, 2020.

---

[1] The Court resolves Plaintiff's motion "to permit maintenance of a class action" in this report and recommendation, rather than in an order, pursuant to 28 U.S.C. § 636(b)(1).

In the instant two-page motion, Plaintiff requests the Court certify a class of "all pretrial detainees that are or will be incarcerated at the Alachua County Jail desiring to carry out, at a bare minimal [sic], the dietary laws of their religions."  ECF No. 5 at 1.  Plaintiff says certification is appropriate because there are "about 700 inmates incarcerated at the Alachua County Jail" and this case otherwise satisfies the requirements under Federal Rule of Civil Procedure 23(a) and (b)(1).  *Id.* at 1–2.

There are several obvious problems with Plaintiff's motion.  For starters, Plaintiff, who is proceeding *pro se*, cannot "bring an action on behalf of his fellow … inmates."  *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014).  It is well-established that a *pro se* party is not an adequate class representative under Rule 23(a).  *Bass v. Benton*, 408 F. App'x 298, 299 (11th Cir. 2011); *Andrews v. Dep't of Corr.*, No. 4:13-cv-567-MW-CAS, 2014 WL 28799, at *1 (N.D. Fla. Jan. 2, 2014).

Second, Plaintiff did not plead this case as a class action in his Complaint.  *See* ECF No. 1.  Local Rule 23.1 requires, "A pleading that asserts a claim on behalf of or against a class must set out the proposed definition of the class and must allege facts showing that the claim or defense may be so maintained."  N.D. Fla. Loc. R. 23.1.

Lastly, because this case is in its early stages, the motion "lacks the factual content necessary to meet the four requirements of [Rule 23(a)]." *Boise v. ACE USA, Inc.*, No. 15-Civ-21264, 2015 WL 4077433, at *6 (S.D. Fla. July 6, 2015) (citing *Bennet v. Hayes Robertson Grp.*, 880 F. Supp. 2d 1270, 1277 (S.D. Fla. 2012)); *see also Townsel v. Univ. of Ala.*, 80 F.R.D. 741, 743 (N.D. Ala. 1978) ("Conclusory allegations by the plaintiff are insufficient basis on which to certify a class; there must be proof."). For example, Plaintiff's claim that there are "700 inmates incarcerated at the Alachua County Jail" does not establish, at a minimum, a reasonable estimate of potential class members for the Court to determine whether the class is so numerous that joinder of all members is impracticable. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1266–67 (11th Cir. 2009). In other words, "the number of *injured* persons must be large enough to justify treatment as a class[.]" *Taylor v. Flagstar Bank, FSB*, 181 F.R.D. 509, 516 (M.D. Ala. 1998) (emphasis added). Plaintiff fails to make such a showing.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Motion to Certify Class, ECF No. 5, should be **DENIED**.

**IN CHAMBERS** this 28th day of October 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**